IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-HC-2099-FL

FILED
MAY 0 2 2008
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

DAVID LOUIS RICHARDSON, )
)
Petitioner, )
)
v. ) ORDER
)
STATE OF NORTH CAROLINA, et )
al., )
)
Respondents. )

On May 18, 2007, petitioner David Louis Richardson (hereinafter "petitioner") filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motions for reconsideration (DE ## 31, 42) of respondent Robert Smith (hereinafter "respondent"). Also before the court are the motions to submit assistance to petitioner's claim of ineffective assistance of counsel (DE ## 50, 51), "motion to request that court will allow motion on behalf of counsel's lack of knowledge of petitioner's case" (DE # 52), motion for reconsideration (DE # 58), and motion for leave to respond to respondent's motion for summary judgment and cross-motion for summary judgment (DE # 57) filed by petitioner. These matters are ripe for adjudication. For the following reasons, petitioner's motion for reconsideration and respondent's motions for reconsideration are denied. However, the court grants petitioner's motions to file a response to respondent's motion to reconsider and his motion for leave to respond to respondent's motion for summary judgment and to file a cross-motion for summary judgment. Finally, the court grants petitioner's petition pursuant to § 2254 on the limited grounds stated below.

## STATEMENT OF CASE

On April 5, 2006, petitioner pled guilty in the Pitt County Superior Court to obtaining property by false pretenses and felony larceny. (Resp't's Mem. Exs. 1 and 2.) Petitioner also pled guilty to having achieved the status of habitual felon. (Id.) Pursuant to the terms of his plea agreement, he was sentenced to a term of one hundred twenty-four (124) to one hundred fifty-eight (158) months imprisonment. (Id.) Petitioner did not file a direct appeal.

On February 2, 2007, petitioner filed a *pro se* motion for appropriate relief (hereinafter "MAR") in the Pitt County Superior Court, which was summarily denied on March 29, 2007. (Id. Exs. 3 and 4.) Petitioner filed a *pro se* petition for writ of certiorari with the North Carolina Court of Appeals on April 20, 2007. (Id. Ex. 5.) Certiorari was denied on May 1, 2007. (Id. Ex. 6.) Then, on May 18, 2007, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that his sentence was illegal, that he received ineffective assistance of counsel, and that he was denied his right to appeal. Petitioner also claims that the state court did not have jurisdiction over him.

On June 6, 2007, respondent filed a motion for summary judgment arguing that petitioner's claims are without merit. Petitioner responded to respondent's motion on June 18, 2006. Petitioner then filed a cross-motion for summary judgment on September 27, 2007. On January 3, 2008, this court granted respondent's motion for summary judgment with respect to all of petitioner's claims except his claim that his counsel failed to file an appeal at petitioner's request. The court also ordered an evidentiary hearing to consider petitioner's contention that his trial counsel failed to note an appeal on petitioner's behalf and appointed North Carolina Prisoner Legal Services (hereinafter

2

"NCPLS") for the purpose of representing petitioner at the evidentiary hearing. Finally, the court denied petitioner's cross-motion for summary judgment.

On January 10, 2008, respondent filed a motion for reconsideration of the court's order setting an evidentiary hearing. Respondent thereafter filed a motion to include in the habeas record a copy of the stenographic transcript of petitioner's guilty plea proceeding, followed by a motion for reconsideration of the court's denial of summary judgment on petitioner's claim that his counsel failed to file an appeal. On February 7, 2008, petitioner filed two motions "to submit assistance to petitioner's claim of ineffective counsel concerning appeal." The next day, petitioner filed a "motion to request that court will allow motion on behalf of counsel's lack of knowledge." On February 13, 2008, petitioner, through NCPLS, filed a response to respondent's motions. Respondent filed a reply on February 14, 2008.

On February 19, 2008, this court granted in part respondent's motions for reconsideration. The motions were granted as to respondent's request that this court reconsider its January 3, 2008 order referring the matter to a magistrate judge for an evidentiary hearing. The court then vacated its January 3, 2008 order referring this matter to a magistrate judge. Finally, the court granted respondent's motion to file the stenographic transcript of petitioner's guilty plea.

On February 22, 2008, petitioner filed a motion for leave to file a response to respondent's motion for summary judgment and to file a cross-motion for summary judgment. Then, on April 9, 2008, petitioner filed a motion to reconsider, requesting that the court reconsider its denial of his habeas claims in its January 3, 2008 order.

3

## STATEMENT OF FACTS

The undisputed facts are as follows. Following petitioner's April 5, 2006 sentence in the Pitt County Superior Court for obtaining property by false pretenses, felony larceny, and being a habitual felon, petitioner expressed to his counsel Stephan M. Hagan (hereinafter "Attorney Hagan") his desire to give notice of appeal. (Resp't's Jan. 10, 2008 Mem., Hagan Aff. ¶ 7.) Attorney Hagan immediately attempted to serve petitioner's notice of appeal in open court. (Id.) However, the trial court judge, W. Russell Duke, informed him that he would not enter petitioner's notice of appeal on the basis that petitioner did not have a right to appeal because he was sentenced within the presumptive range. (Id. Hagan Aff. ¶ 8.) Attorney Hagan did not file a written notice of appeal on behalf of petitioner.

## DISCUSSION

I. Motions to File a Response

Petitioner filed three motions, the first two were captioned "motions to submit assistance to petitioner's claim of ineffective counsel concerning appeal." Petitioner's third motion was captioned "motion to request that court will allow motion on behalf of counsels lack of knowledge." The court construes these motions as motions to file a response to respondent's motion to reconsider. For good cause shown, petitioner's motions are GRANTED and are deemed responses to respondent's motion for reconsideration.

II. Motion for Leave to File a Response/Cross-Motion for Summary Judgment

Petitioner filed a motion for leave to file a response and cross-motion for summary judgment. For good cause shown, petitioner's motion for leave to file a response and cross-motion for summary judgment is GRANTED.

4

III. Motion for Reconsideration

Petitioner requests that this court reconsider its January 3, 2008 order granting in part respondent's motion for summary judgment and denying in part petitioner's § 2254 habeas petition. The court has reviewed the matter in its entirety and finds the original determination by the undersigned appropriate. Therefore, petitioner's motion for reconsideration is DENIED.

IV. Summary Judgment

A. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A

state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

B. Analysis

Respondent contends that petitioner's ineffective assistance of counsel claim is without merit because Attorney Hagan did not have a duty to file a notice of appeal on behalf of petitioner. Respondent bases this argument on that fact that petitioner did not have a right to file an appeal

6

under North Carolina law because petitioner received a minimum sentence within the presumptive range. North Carolina General Statutes § 15A-1444(a1) provides:

> A defendant who has been found guilty, or entered a plea of guilty or no contest to a felony, is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense. Otherwise, the defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari.

Contrary to respondent's contention, the language of § 15A-1444(a1) does not completely prohibit a defendant from filing a notice of appeal. It only prohibits a defendant from appealing the issue of whether his sentence is supported by evidence introduced at the trial or sentencing hearing. See N.C. Gen. Stat. § 15A-1444(a1). The North Carolina Court of Appeals recently found that a defendant sentenced within the presumptive range had a right to appeal the issue of whether his sentencing judge was biased. See State v. Hagans, __ N.C. App. __, 656 S.E. 2d 704, 706, n. 2 (2008). Based upon the foregoing, respondent's argument that petitioner did not have a right to file an appeal under North Carolina law is without merit.

The court now must determine whether Attorney Hagan's failure to file a notice of appeal constituted ineffective assistance of counsel. The Fourth Circuit has held that the "failure to file a requested appeal is *per se* ineffective assistance of counsel, irrespective of the possibility of success on the merits." United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (citing United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993)). If counsel promises to note an appeal and then fails to do so, the petitioner is entitled to relief in the form of a belated appeal. Peak, 992 F.2d at 42; see Roe v. Flores-Ortega, 528 U.S. 470, 487 (2000).

Respondent argues that Attorney Hagan did not provide ineffective assistance because he attempted to orally notice petitioner's appeal to the sentencing judge at petitioner's sentencing hearing. Under North Carolina law, a defendant must file a direct appeal "by (1) giving oral notice of appeal at trial, or (2) by filing a notice of appeal with the clerk of superior court . . . within 14 days after entry of judgment or order." N.C.R. App. P. 4(a).

The parties agree that petitioner asked Attorney Hagan to file a notice of appeal at his sentencing hearing. The parties further agree that Attorney Hagan orally noticed petitioner's appeal, but that it was not accepted by the trial court judge. At this point, Attorney Hagan had a duty to file a written notice of appeal on behalf of petitioner. See McCoy v. United States, No. 3:06-CV-313-V-02, 2006 WL 2241156, *2 (W.D.N.C. Aug. 3, 2006) (unpublished) (finding the petitioner's trial counsel provided ineffective assistance of counsel where petitioner attempted to file oral notice of appeal, and his counsel did not follow petitioner's request with a written notice of appeal). Attorney Hagan did not file a written notice of appeal before the North Carolina Court of Appeals. Therefore, in accordance with the Fourth Circuit's ruling in Foster, Attorney Hagan's failure to file a notice of appeal on behalf of petitioner was *per se* ineffective assistance of counsel. See Foster, 68 F.3d at 88.

## CONCLUSION

For the foregoing reasons, petitioner's three motions to file a response to respondent's motion to reconsider (DE ## 50-52), motion for leave to file a response and cross-motion for summary judgment (DE # 57), and cross-motion for summary judgment (DE # 57) are GRANTED. Respondent's motions for reconsideration (DE ## 31, 42) are DENIED on the basis that the court finds petitioner's ineffective assistance of trial counsel claim based upon his trial counsel's failure

8

to file a notice of appeal at petitioner's request to be meritorious. Petitioner's motion for reconsideration (DE # 58) also is DENIED. Accordingly, petitioner's 28 U.S.C. § 2254 petition (DE # 1) will be granted on this ground. The writ of habeas corpus, however, will not issue if the State grants petitioner a belated appeal within ninety (90) days of the date hereof.

SO ORDERED, this the 28th day of April, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge