IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-HC-2099-FL

| | | |
|---|---|---|
| DAVID LOUIS RICHARDSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF NORTH CAROLINA, et al., | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

The matter is before the court on the motion to stay (DE # 62) and motion to expedite (DE # 68) filed by respondent Robert Smith (hereinafter "respondent"). Also before the court is petitioner David Louis Richardson's motion to deny respondent's request for notice of appeal (DE # 67), which this court construes as a response to respondent's motion to stay.[1] These matters are ripe for adjudication.

## STATEMENT OF THE CASE

On May 18, 2007, petitioner filed a petition for writ of habeas corpus in this court under 28 U.S.C. § 2254. In his petition, petitioner alleged that his sentence was illegal, that he received

---

[1] Petitioner's motion to deny respondent's request for notice of appeal is construed as a response to respondent's motion to stay because it requests that this court deny respondent's motion to stay. To the extent petitioner requests that his court deny respondent's appeal, this request is denied because respondent filed a notice of appeal, divesting this court of jurisdiction over the merits in this action. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59 (1982) (per curiam) (finding a notice of appeal divests a district court's jurisdiction over a matter, while conferring jurisdiction on the court of appeals).

ineffective assistance of counsel, and that he was denied his right to appeal. Petitioner also alleged that the state court did not have jurisdiction over him.

On May 2, 2008, the court granted summary judgment in favor of petitioner with respect to his claim that he received ineffective assistance of counsel because his counsel failed to file an appeal at his request. Accordingly, the court granted petitioner's § 2254 petition on this ground. The court noted that the writ of habeas corpus would not issue if the State grants petitioner a belated appeal within ninety (90) days of the date of the order.

On May 9, 2008, respondent filed a notice of appeal and a motion to stay the execution of judgment pending appeal pursuant to Federal Rule of Civil Procedure 62 (hereinafter "F.R.Civ.P. 62") and Federal Rule of Appellate Procedure 8 (hereinafter "F.R.App.P. 8"). On May 16, 2008, petitioner filed a response. Respondent then filed a motion to expedite.

## DISCUSSION

Respondent filed a motion pursuant to F.R.App.P. 8 and F.R.Civ.P. 62(c) to stay execution of this court's May 2, 2008 judgment pending resolution of its appeal to the Fourth Circuit Court of Appeals. F.R.App.P. 8 provides that a party requesting a stay of a district court judgment first must request the stay in the district court. F.R.Civ.P. 62(c) grants the court discretionary power to stay the execution of a judgment pending appeal. In determining whether to grant a stay, the court must balance: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987); see Kirby v. Gen. Elec. Co., 210 F.R.D. 180, 195 (W.D.N.C. 2000) (applying Hilton factors to issuance of stay under Rule 62).

2

With respect to these factors, the applicant bears the burden of persuasion. Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970).

Applying the Hilton factors to the facts of the case before the court, the court makes the following findings. Regarding the likelihood of success on the merits, the court does not believe respondent is likely to succeed on the merits of his appeal based upon the reasoning set forth in this court's May 2, 2008 order.[2] See Richardson v. State of North Carolina, No. 5:07-HC-2099-FL (E.D.N.C. May 2, 2008). However, the remaining Hilton factors weigh in favor of granting a stay. The second Hilton factor directs the court to consider whether the applicant will be irreparably injured absent a stay. Hilton, 481 U.S. at 776. In this case, respondent has demonstrated that he will be irreparably harmed if this court does not grant a stay in this case because the federal appellate process will not be completed prior to the ninety (90) day time period set by this court for granting a belated appeal. Accordingly, the State will be forced to grant petitioner a belated appeal, which would potentially moot his appeal to the Fourth Circuit. Alternatively, respondent could be forced

___

[2] In arguing that he will succeed on the merits, respondent suggests that the court misunderstands state law on the issue of where a party must file a state court notice of appeal in a criminal case. In particular, respondent suggest that the court believes a notice of appeal to the North Carolina Court of Appeals is filed with the Court of Appeals. In support of this contention, respondent points to page eight of the court's May 2, 2008 order which states: "Attorney Hagan did not file a written notice of appeal before the North Carolina Court of Appeals." Richardson v. State of North Carolina, No. 5:07-HC-2099-FL (E.D.N.C. May 2, 2008).

The court responds to respondent's assertion by stating that it does not misunderstand the requirements for filing a notice of appeal in state court. To wit, the court correctly states on page eight of its May 2, 2008 order that a defendant must file a direct appeal "by (1) giving oral notice of appeal at trial, or (2) by filing a notice of appeal with the clerk of superior court . . . within 14 days after entry of judgment or order." Id. Therefore, to the extent respondent contends that this court's judgment was based upon a misunderstanding of the law, that argument is without merit.

The fact that respondent raised this issue compels the court to clarify its statement on page eight. It was not the intention of the court to insinuate that petitioner's counsel was required to file a notice of appeal with the North Carolina Court of Appeals. Rather, the court was merely stating that petitioner's counsel failed to file a notice of appeal in compliance with N.C.R.App. P. 4(a), and that his counsel did not perfect an appeal with the North Carolina Court of Appeals.

to release petitioner. Based upon the foregoing, the court finds that respondent would suffer substantial prejudice if his motion to stay is denied.

Turning to the third Hilton factor, the court finds that petitioner would not be harmed if the stay is granted. See Hilton, 481 U.S. at 776. The record in this case reflects that petitioner pled guilty to obtaining property by false pretenses, felony larceny, and to having achieved the status of habitual felon. On April 5, 2006, petitioner was sentenced to a term of one hundred twenty-four (124) to one hundred fifty-eight (158) months imprisonment. These facts demonstrate that petitioner is at the beginning of a lengthy term of imprisonment. It is unlikely that petitioner would be entitled to immediate release even if he were granted relief on appeal. Thus, it is likewise unlikely that he would be prejudiced by the requested stay.

Finally, the fourth Hilton factor also supports a stay in this matter because it is in the public interest that petitioner's conviction and sentence remain undisturbed until the completion of federal appellate review. See Hilton, 481 U.S. at 776. In particular, the fact that petitioner plead guilty to being a habitual felon demonstrates that he would be a substantial risk of danger to the community to which he would be returned. Accordingly, a careful weighing and analysis of the Hilton factors supports the conclusion that a stay is warranted in this matter.

## CONCLUSION

For the foregoing reasons, respondent's motion to stay (DE # 62) is GRANTED. Accordingly, the execution of this judgment is stayed pending the completion of respondent's appeal to the Fourth Circuit Court of Appeals. Respondent's motion to expedite (DE # 68) and petitioner's motion to deny respondent's request for notice of appeal (DE # 67) are DENIED as moot.

4

SO ORDERED, this the _12_ day of June, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge

5