IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-HC-2099-FL

| | |
|---|---|
| DAVID LOUIS RICHARDSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STATE OF NORTH CAROLINA AND ) | |
| ROBERT SMITH, ) | |
| ) | |
| Respondents. ) | |

Petitioner, a state inmate, filed this habeas petition pursuant to 28 U.S.C. § 2254, which this court dismissed on December 2, 2009. The matter now is before the court on petitioner's motion for reconsideration (DE # 85), to which respondent did not respond. For the following reasons, petitioner's motion for reconsideration is denied.

Petitioner requests that the court alter its December 2, 2009, judgment to reflect that the action was dismissed without prejudice. Although petitioner classifies his motion as a motion for reconsideration, the court treats it as a motion under Federal Rule of Civil Procedure 60(b). See Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If those three threshold conditions are met,

the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

One of Rule 60(b)'s threshold requirements is that the movant demonstrate a meritorious claim or defense. The record reflects that, on March 11, 2009, the Fourth Circuit Court of Appeals' issued an order directing this court to deny petitioner's § 2254. The instructions did not indicate that the petition be dismissed without prejudice. On December 2, 2009, the court entered an order denying petitioner's petition with prejudice. Because the court complied with the instructions set forth in the Fourth Circuit's mandate, the court finds that there are no errors affecting petitioner's substantial rights. Based upon the foregoing, petitioner has not met the threshold requirements to proceed with a Rule 60(b) motion. Thus, his Rule 60(b) motion (DE # 84) is DENIED.

SO ORDERED, this the 4th day of October, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

2

Case 5:07-hc-02099-FL   Document 85   Filed 10/05/12   Page 2 of 2